UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, aka "Marcos Castro,"<br><br>Defendant. | No.  1:18-cr-00002-NONE-SKO<br><br>ORDER FOR SUPPLEMENTAL BRIEFING<br><br>(Doc. No. 119) |

Remaining pending before the court are those aspects of a motion filed by defendant John Doe, aka Marcos Castro, seeking to suppress statements given by him to law enforcement officers, his request for an evidentiary hearing in that regard, and his motion to strike the declarations submitted by the government in opposition to his motion to suppress his statements. (Doc. No. 119.)  Having reviewed the parties' arguments, the material portions of the record, and the relevant caselaw in detail, the court has concluded that its decision-making would benefit from additional briefing on a narrow set of issues.

Specifically, in moving to suppress the statements he made to detectives on December 21 and 26, 2017, defendant Castro contends that he brought up his right to counsel twice on December 21, 2017:  (1) first, early in that interrogation session, he inquired about his right to counsel; (2) then later in that interrogation he invoked his right to counsel "unequivocally."  (*Id*. at 9–12.)  Defendant Castro initially argued in his opening brief in support of the pending motion

that the questioning detective acted unlawfully when responding to defendant's initial inquiry about the right to counsel by making statements that "blurred his entitlement" to counsel, and that therefore any subsequent statements made by defendant should be suppressed. (*Id*.) Defendant Castro clarified this argument in reply, explaining that even if his initial inquiry about counsel was too ambiguous to immediately trigger a cessation of questioning, the investigating officers were (1) obligated to clarify his intent; and (2) precluded from making misleading comments in response to his ambiguous inquiries about counsel. (Doc. No. 164 at 4.)

In support of his arguments, defendant Castro cites the decision in *United States v. Rodriguez*, 518 F.3d 1072, 1074, 1080 (9th Cir. 2008). That case raises numerous issues that the court now believes are not sufficiently explored in the briefing. As such, the court requests additional briefing on the following questions:

(1) Is *Rodriguez* still good law in light of subsequent Supreme Court precedent, including *Berghuis v. Thompkins*, 560 U.S. 370, 382 (2010). The court directs the parties' attention to, among other authorities: *Compare United States v. Hurtado*, 21 F. Supp. 3d 1036, 1041 (N.D. Cal. 2014) (finding, arguably in dicta, *Rodriguez*'s clarification rule survived *Berghuis*), *with United States v. Robeson,* No. 13-CR-00764-WHO-9, 2016 WL 3257595, at *2–*4 (N.D. Cal. June 14, 2016) (finding *Rodriguez*'s clarification rule "clearly irreconcilable" with *Berghuis*); *see also United States v. Eagle*, No. CR 18-41-GF-BMM, 2018 WL 3996953, *2–*3 (D. Mont. Aug. 21, 2018) (applying *Rodriguez*'s clarification rule without discussing the possible conflicts with *Berghuis*); *United States v. Plugh*, 648 F.3d 118, 120 (2d Cir. 2011) (finding *Berghuis* overruled Second Circuit clarification rules).

(2) If *Rodriguez* is still good law, how does it apply to this case? As a component of that question, Defendant Castro appears to concede that Rodriguez only applies when there was no valid prior *Miranda* waiver. (Doc. No. 164 at 4.) He relies, however, on his separate argument regarding conflicting advisements in connection with his December 19, 2017 *Miranda* waiver to establish that there was no prior, valid *Miranda* waiver. (*See id*.) Would the court's rejection of defendant Castro's other arguments

2

challenging the admissibility of his statements made during his December 19, 2017 interrogation render any argument based on the holding in *Rodriguez* moot (i.e. make it unnecessary for the court to decide whether *Rodriguez* is still good law)?  In other words, would a finding that the December 19, 2017 *Miranda* waiver was knowing and voluntary carry over to the December 21, 2017 interrogation for purposes of determining which invocation standard applies under *Rodriguez*?

(3) Independently, defendant Castro argues that Detective Maldonado responded inappropriately to his inquiries about counsel made early in the December 21, 2017 interview.  With that argument in mind, the parties are directed to address the decision in *United States v. Wysinger*, 683 F.3d 784, 803 (7th Cir. 2012) (cited with approval in *United States v. Xi,* No. CR 16-22-5, 2018 WL 3340884, at *10–11 (E.D. Pa. July 6, 2018), as well as whether and how that decision applies to the facts of this case.

On or before February 22, 2021, the parties shall submit simultaneous briefs, no longer than ten pages in length addressing the above questions.  The court now sets a further hearing on this motion as well as a status conference in this case on February 26, 2021 at 9:30 a.m.

IT IS SO ORDERED.

Dated: **February 8, 2021**                              ⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
                                                                                UNITED STATES DISTRICT JUDGE

3